UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**

OCT 05 2015

CLERK

| | |
|---|---|
| PAUL A. ROSBERG,<br><br>               Plaintiff,<br><br>vs.<br><br>JAMIE KINKAID, KELLY R. ROSBERG,<br>WANDA HOWEY-FOX,<br><br>           Defendants. | 4:15-CV-04077-LLP<br><br><br>ORDER DISMISSING<br>COMPLAINT |

## INTRODUCTION

Plaintiff, Paul A. Rosberg, filed this pro se lawsuit, concerning his recent divorce. He named his ex-wife Kelly R. Rosberg, her attorney in the proceeding, Jamie Kinkaid, and his attorney Wanda Howey-Fox as defendants. At the time of filing, Rosberg was incarcerated at the federal prison camp in Yankton, South Dakota. The Court has "screened" this case pursuant to 28 U.S.C. § 1915A. For the following reasons, Rosberg's claim is dismissed.

## FACTUAL BACKGROUND

Rosberg's wife, Kelly, divorced him while he was incarcerated. Docket 1. His complaint raises four claims:

1. Even though Kelly promised to relinquish all claims to garnishment of Rosberg's wages in the stipulation agreement, he still had money taken from him. *Id.* at ¶¶12-13. He claims Howey-Fox and Kinkaid should refund the money. *Id.* at ¶13.

1

2. Rosberg argues Howey-Fox owes him damages because the stipulation agreement she helped negotiate was ruled unenforceable, and he had to pay more child support. *Id.* ¶2B.

3. Rosberg argues Howey-Fox helped Kelly during the divorce proceedings. *Id.* ¶8B. He argues Howey-Fox owes him damages for the portion of child support that he believes he should not have to pay. *Id.*

4. Rosberg argues Howy-Fox owes him damages for providing unsatisfactory representation in the divorce proceedings. *Id.* ¶2C.

## DISCUSSION

Rosberg alleges this court has diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction 'requires an amount in controversy greater than $75,000 and complete diversity of citizenship of the litigants.' " *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). " 'Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.' " *Id.* (quoting *OnePoint Solutions*, 486 F.3d at 346).

"[F]or purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977). "[A] prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Id.* (citations omitted). The court held this "traditional rule" was a presumption that "could be rebutted by a prisoner who could show

2

facts sufficient to indicate a bona fide intention to change his domicile to the place of his incarceration." *Id.* at 251.

When he filed this complaint, Rosberg was a prisoner in South Dakota. Before being incarcerated, he lived in Nebraska. All defendants are Nebraska citizens. Rosberg has not argued that he is domiciled outside of Nebraska. Therefore, his citizenship is not diverse to all defendants.

Accordingly, it is ORDERED that Rosberg's complaint (Docket 1) is dismissed without prejudice for lack of jurisdiction.

Dated October 5th, 2015.

BY THE COURT:

Lawrence L. Piersol
UNITED STATES DISTRICT JUDGE

3